**WO** RP

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Johnson, | No. CV 10-1052-PHX-GMS (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner George Johnson, who is confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). The $5.00 filing fee has been paid. The Court will call for an answer to the Petition.

**I.  Petition**

In his Petition, Petitioner challenges his October 12, 2007 judgment of conviction for Burglary in the third degree entered in the Maricopa County Superior Court in matter #CR 2005-008016-001 DT. Petitioner alleges that he was sentenced to an eight-year term of imprisonment.

Petitioner names Charles L. Ryan as Respondent. The Attorney General of the State of Arizona is named as an Additional Respondent.

Petitioner presents four grounds for habeas corpus relief in his Petition:

**TERMPSREF**

1    (1) "Prosecutorial misconduct/malicious prosecution [i]n violation of the Constitution, laws, or treaties of the United States '(Right of due process)'";

(2) "Ineffective assistance of counsel [i]n violation of the Constitution, laws, or treaties of the United States[] (Violation of rules and procedures)";

(3) "Sentence of a prior conviction is in violation of the United States of Arizona Constitution [i]n violation of the Constitution, laws, or treaties of the United States (1973 Rules of criminal procedure/'appellant[] will not be penalized for exercising the right to appeal')"; and

(4) "Malicious arrest [i]n violation of the Constitution, laws, or treaties of the United States."

Petitioner affirmatively alleges that the issues raised in all of his grounds have been presented to the Arizona Court of Appeals. The Court will require an answer to the Petition.

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

comply with any order of the Court).

**IT IS ORDERED:**

(1)  The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)  Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)  Petitioner **may file** a reply within 30 days from the date of service of the answer.

(4)  This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 8th day of June, 2010.

G. Murray Snow
United States District Judge