IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| George Johnson, | ) | No. CIV 10-1052-PHX-GMS (DKD) |
| Petitioner, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Charles Ryan, et al., | ) ) | |
| Respondents. | ) ) | |
| | ) | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

George Johnson filed a petition for writ of habeas corpus on May 13, 2010, challenging his conviction in Maricopa County Superior Court for third degree burglary, and the trial court's imposition of an eight-year prison term. In his federal petition he raises four grounds for relief: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) the use of a prior conviction in sentencing in violation of his constitutional rights; and (4) malicious arrest. Respondents raise two affirmative defenses: (1) Johnson's petition is untimely filed; and (2) his claims are unexhausted and procedurally defaulted. As discussed below, this case presents a rather unique, convoluted procedural history which does not lend itself to a straightforward timeliness analysis. However, the Court agrees with Respondents that Johnson's claims are procedurally defaulted, and recommends that the petition be denied and dismissed with prejudice for that reason.

# BACKGROUND

The facts supporting his conviction are summarized in the court of appeals memorandum decision:

> At approximately 12:00 a.m. on March 24, 2005, A.A. received a call informing him the alarm in his store had been activated. Upon arriving at the store, A.A. discovered a hole in the bottom of his glass door and called the police.
>
> Two Phoenix police officers, M.M. and L.J., arrived at the store at approximately 2:45 a.m. Upon their arrival, the two officers and A.A. entered the store and found it in disarray. (*Id.*) A.A. noticed phone cards and other items were missing from the store. After taking a report, the officers left the scene.
>
> A.A. remained at the store and barricaded himself inside by placing boxes in front of the broken door. He slept at the store until approximately 4:00 a.m. when he was awakened by a truck. A.A. again called the police. While he was making the call, Johnson, the truck's passenger, went to the glass door, peered inside, banged on the door, yelled obscenities, and told A.A. to "[o]pen the door." Johnson then used his feet to kick and push the boxes, which were inside the store. A.A. fled the store through the back door.
>
> Officers M.M. and L.J. received the second call and returned to the store at approximately 4:05 a.m. When they arrived at the store, they saw a truck in the parking lot behind the store. A.A. identified that truck as the same one he saw when he woke up and called the police.
>
> The officers ordered the occupants out of the truck. While Johnson was exiting the truck, he said "[w]e didn't do anything. We just saw the broken glass."
>
> The officers arrested and searched Johnson. Officer M.M. found a glass shard embedded in one of Johnson's shoes and Officer L.J. found numerous phone cards under the bench seat of the truck.
>
> Following the arrest, A.A. and Officer M.M. went inside the store. Officer M.M. found one of the boxes A.A. had used as a barricade had fallen to the ground and another was "still teetering." (*Id.*) A.A. noticed the remaining phone cards had been taken.

On April 4, 2005, the State indicted Johnson on two counts of third degree burglary, class 4 felonies. The first count was for the 12:00 a.m. burglary and the second count was for the 4:00 a.m. burglary. An eight-person jury convicted him of both counts and the court suspended his sentences and placed him on probation. Following the trial, Johnson appealed. In a memorandum decision, this court reversed the case for a new trial, holding Johnson was entitled to a 12-person jury and, therefore, his conviction by an eight-person jury was fundamental error. *State v. Johnson*, 1 CA-CR 06-0034 (Ariz. App. Mar. 29, 2007) (mem. decision).

Before his re-trial, the superior Court held a *Donald* hearing to explain the range of penalties that could be imposed if Johnson refused the State's plea offer and was convicted. Johnson rejected the plea offer.

At the re-trial, the State presented testimony, which was consistent with the events described above, from A.A., Officer M.M., and Officer L.J. At the close of the State's case, Johnson moved the court for a judgment of acquittal. The court denied the motion. The jury found Johnson not guilty of count one, the 12:00 a.m. burglary, and guilty of count two, the 4:00 a.m. burglary.

Before sentencing, the superior court held a trial on Johnson's prior convictions. The transcript reflects the court found Johnson had been convicted of two felony offenses on December 22, 2005: (1) CR2005-008776-001 DT, theft, a class 6 felony, committed on January 26, 2005, and (2) CR2005-010945-001 DT, trafficking in stolen property, a class 3 felony, committed on May 12, 2004. The sentencing minute entry, however, incorrectly stated the court had found Johnson had been convicted of a third prior felony offense on February 20, 1986: CR 151910, theft, a class 6 felony, committed on August 25, 1985.

The superior court sentenced Johnson to a mitigated term of eight years imprisonment, *see* A.R.S. § 13-604(C) (Supp. 2007), and awarded him 360 days of presentence incarceration credit.

(Doc. 8, Exh A at 2-6).

On direct review, counsel filed an *Anders* brief; Johnson was granted leave to file a supplemental brief, but chose not to do so (Doc. 6, Exh A, B). On August 14, 2008, the court of appeals affirmed the conviction and sentence imposed, as corrected (Doc. 8, Exh A). The court of appeals ruled that despite a discrepancy between the sentencing transcript and the minute entry, the trial court had nevertheless imposed a legal sentence because the erroneous finding of a third felony conviction did not affect the sentencing range under § 13-604(C) (*Id.* at 7). Johnson did not seek review in the Arizona Supreme Court.

On September 23, 2008, Johnson filed both a notice of post-conviction relief and a petition for post-conviction relief (Doc. 6, Exh C, D). On May 4, 2009, he filed a federal habeas petition. *See* CIV 09-959-PHX-GMS (DKD), Doc. 1. On December 14, 2009, his subsequent petition for post-conviction relief was stricken by the trial court as insufficient and not in conformance with Rule 32.5 of the Arizona Rules of Criminal Procedure (Doc. 6, Exh E). Specifically the trial court determined that the petition did "not contain sufficient facts for the Court to evaluate defendant's claims" (*Id.*). Johnson was granted an extension

1    to file an amended petition but did not file one.  On April 9, 2010, the trial court dismissed

2    Johnson's PCR proceeding due to his failure to file a petition for post-conviction relief (Doc.

3    6, Exh F).  Johnson did not petition for review in the court of appeals.  On May 5, 2010, the

4    District Court dismissed the habeas petition because Johnson's post-conviction proceeding

5    was still pending before the state court when he filed his federal petition.  *See* CIV 09-959,

6    Doc. 17.  Johnson filed the present habeas petition on May 13, 2010.

7                                        **DISCUSSION**

8    **I.      Statute of Limitations**

9             Johnson was required to file his federal petition within one year of the "date on which

10   the judgment became final by the conclusion of direct review or the expiration of the time

11   for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct.

12   681, 685 (2009).  However, "[t]he time during which a properly filed application for State

13   post-conviction or other collateral review with respect to the pertinent judgment or claim is

14   pending shall not be counted toward any period of limitation under this subsection."  *See* 28

15   U.S.C. § 2244(d)(2).  Johnson's conviction became final on September 14, 2008, following

16   the expiration of the 30-day period in which he could have petitioned the Arizona Supreme

17   Court to review the memorandum decision.  Absent any statutory tolling, he was required to

18   file his federal petition on or before September 14, 2009.  *See Summers v. Schriro*, 481 F.3d

19   710, 716 (9th Cir. 2007).

20           Because the trial court struck Johnson's petition for post-conviction relief, finding that

21   it did not conform to the requirements of Rule 32.5 of the Arizona Rules of Criminal

22   Procedure, it was not "properly filed" within the meaning of section 2244(d)(2), and could

23   not statutorily toll the limitations period.  However, even assuming that Johnson was not

24   entitled to any statutory tolling for the period of time during which he was granted leave to

25   file a post-conviction petition and failed to do so, his petition filed on May 4, 2009 was  still

26   filed within the one-year period of limitations.  That action could be construed as a protective

27   filing of his federal petition, in light of the trial court's inaction on his Rule 32 petition.  He

28                                           - 4 -

filed the PCR in September 2008, and still had heard nothing from the trial court by the time he filed his first federal petition *eight months* later. Indeed, the trial court did not enter an order striking the petition until December, 2009, almost *fifteen months* after it was originally filed.

Rule 2(c) of the Rules Governing Habeas Corpus cases requires a petitioner to "specify all the grounds for relief available" and to "state facts supporting each ground." Johnson was also warned in the instructions attached to his habeas form that he "must raise all grounds for relief that relate to this conviction or sentence. Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action."[1] A habeas petition may be amended "as provided in the rules of procedure application to civil actions." 28 U.S.C. § 2242. Under the Federal Rules of Civil Procedure, an amendment relates back to the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." *See* Fed.R.Civ.P. 15(c)(1)(B). A new claim raised in an amended habeas petition filed after the expiration of the limitations period, relates back to the original petition, thereby avoiding a limitations bar, if it arises "out of the same core of operative facts as a claim contained in the original petition." *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) (citing *Mayle v. Felix*, 545 U.S. 644 (2005)). "It is not enough that the new argument pertains to the same trial, conviction, or sentence." *Id*.

Johnson may have an argument that he should be entitled to have his May 13, 2010 petition relate back to his original petition filed on May 4, 2009. Johnson presented the same grounds in his May 4, 2009 petition that he now raises before the Court. That petition was dismissed by the District Court without prejudice, pending the completion of state court

---

[1]Instructions for Filing a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the District of Arizona at 3 (emphasis added).

collateral review. However, the Court need not decide this issue, because it concludes that Johnson's claims are unexhausted and procedurally defaulted.

## II.    Exhaustion of Remedies

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual

prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

Johnson never presented any of the claims raised in his federal petition to any state court. His direct review consisted of an *Anders* brief, where counsel avowed that he had searched the record and found "no arguable question of law that was not frivolous." (Doc. 6, Exh A at 2, Exh B). The court of appeals granted Johnson the opportunity to file a supplemental brief, but he chose not to avail himself of that opportunity (Doc. 8, Exh A at 2).

In his post-conviction proceedings, his petition was stricken by the trial court for failure to comply with Rule 32.5, "as it does not contain sufficient facts for the Court to evaluate defendant's claims." Although he was allowed an extension of time within which

to file an amended petition, again he chose not to do so. As a result, the Rule 32 proceedings were dismissed. The Court has determined that Johnson has not fairly presented his claims in state court. Although given the opportunity on both direct review and in his Rule 32 proceedings, he chose not to present the claims he now wishes to have reviewed in a federal court. Having failed to pursue these claims, he has not satisfied the exhaustion requirement. *Roettgen*. Because he would have no remedy were he to return to state court, his claims are procedurally defaulted. *Teague*. He has shown no cause or prejudice to excuse this default. *Coleman*.

**IT IS THEREFORE RECOMMENDED** that George Johnson's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

1  to appellate review of the findings of fact in an order or judgment entered pursuant to the

2  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

3         DATED this 30th day of August, 2010.

_____
David K. Duncan
United States Magistrate Judge