**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Johnson, ) | No. CV-10-1052-PHX-GMS |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles L. Ryan, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before this Court is the Petition for Writ of Habeas Corpus, filed by Petitioner George Johnson. (Doc. 1). On August 30, 2010, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the Petition with prejudice because the claims are unexhausted and procedurally defaulted. Mr. Johnson filed an Objection to the R&R on September 13, 2010. (Doc. 10). In his Objection, Petitioner asserts that he was unable to properly present his arguments during the post-conviction relief stage of his case because his trial attorney was unresponsive to his requests for documentation that would support his claim for relief. (*Id.*).[1]

**BACKGROUND**

---

[1] Petitioner raised additional substantive arguments related to his case, but because these arguments do not address the analysis in the R&R, the Court need not reach these issues.

On April 4, 2005, Petitioner was indicted on two counts of third degree burglary. (Doc. 6, Ex. A). An eight-person jury convicted him of both counts, and Johnson appealed. The Arizona Court of Appeals remanded the case for a new trial after determining that Johnson was entitled to a twelve-person jury. The second jury returned a verdict of not guilty on the first count, but guilty of count two of third degree burglary. Johnson was sentenced to a mitigated term of eight years imprisonment.

Johnson timely appealed his conviction and sentence, and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). In the *Anders* brief, Johnson's attorney stated that he had "searched the record on appeal and [was] unable to find any arguable question of law that is not frivolous." (Doc. 6, Ex. B). The court of appeals noted that "Johnson was given an opportunity to file a supplemental brief but did not do so." (Doc. 6, Ex. A).[2] The court affirmed Johnson's conviction and sentence.

On September 23, 2008, Petitioner filed a notice of and petition for post-conviction relief. (Doc. 6, Ex. C, D). The trial court did not review the petition until fifteen months later when it determined that the petition must be stricken because it "fail[ed] to conform to Rule 32.5" of the Arizona Rules of Criminal Procedure. (Doc. 6, Ex. E). Petitioner was given an extension of time, approximately one month, in which to file an amended petition. On April 9, 2010, the trial court dismissed the post-conviction relief proceeding because Petitioner had failed to file an amended petition. (Doc. 6, Ex. F).

While waiting for his petition for post-conviction relief to be evaluated by the trial

---

[2] In the documents supporting his May 2009 petition for writ of habeas corpus, Johnson included a supplemental brief he allegedly sent to the Arizona Court of Appeals in September 2008. In that brief, he claims that he, in fact, mailed the supplemental brief to the court of appeals on June 2, 2008, before the deadline. Apparently, the court of appeals did not receive the supplemental brief before its August 2008 decision. In any event, Petitioner neither raised this issue in his Objection nor did he provide any documentation that would support his claim that he timely submitted his supplemental brief. Therefore, the Court need not consider this issue in its discussion of Petitioner's exhaustion of state remedies.

1 court, Petitioner filed a petition for writ of habeas corpus on May 4, 2009, asserting claims
2 similar to those raised in this petition. After that petition was dismissed on the grounds that
3 habeas corpus relief is not available for errors of state law, procedure, or evidentiary rulings,
4 Petitioner filed an amended petition in October 2009. (Doc. 6, Ex. G). On May 5, 2010, this
5 Court dismissed the amended petition because the habeas petition was filed while the post-
6 conviction proceeding was still pending before the state court. (Doc. 6, Ex. H). Petitioner
7 filed the present habeas petition on May 13, 2010. (Doc. 1).

## STANDARD OF REVIEW

9 Federal district courts "'may accept, reject, or modify, in whole or in part, the findings
10 or recommendations made by the magistrate [judge].'" *United States v. Reyna-Tapia*, 328
11 F.3d 1114, 1119 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)); *Carrillo-Lozano v. Stolc*,
12 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009). Under § 636(b)(1) a "district judge must review
13 the magistrate judge's findings and recommendations de novo *if objection is made*, but not
14 otherwise." *Reyna-Tapia*, 328 F.3d at 1121.

## DISCUSSION

**a. Exhaustion of State Remedies**

17 A petitioner "must normally exhaust available state judicial remedies before a federal
18 court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275
19 (1971); *see also* 28 U.S.C. § 2254(b)-(c). This "requires that petitioners 'fairly presen[t]'
20 federal claims to the state courts in order to give the State the 'opportunity to pass upon and
21 correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364,
22 365 (1995) (internal quotation marks omitted) (quoting *Picard*, 404 U.S. at 275). A claim is
23 "fairly presented" if it describes "'the operative facts and legal theory upon which [a] claim
24 is based.'" *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (quoting *Bland v. Cal.*
25 *Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994), *overruled on other grounds by Schell v.*
26 *Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc)). Under Arizona law, "[i]n cases other
27 than those carrying a life sentence or the death penalty, a decision by the court of appeals and
28 its search for error exhausts" state remedies. *State v. Shattuck*, 140 Ariz. 582, 585, 684 P.2d

1 154, 157 (1984). Because Petitioner is not facing a life sentence or the death penalty, he was
2 not required to appeal his conviction to the Arizona Supreme Court.

3 Nevertheless, as the R&R noted, Petitioner was still required to "fairly present" his
4 claims to the Arizona Court of Appeals. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.
5 1994) ("To exhaust one's state court remedies in Arizona, a petitioner must first raise the
6 claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction
7 relief pursuant to Rule 32 [of the Arizona Rules of Criminal Procedure]."). Petitioner's direct
8 appeal did not raise any issues at all, let alone the issues presented in this petition. The
9 *Anders* brief stated that Johnson's attorney could find "no arguable question of law that was
10 not frivolous," and although Petitioner was given the opportunity to provide a supplemental
11 brief raising any issues of concern to him, he failed to do so. Petitioner did raise, to some
12 degree, in his petition for post-conviction relief, some of the issues raised in this petition.
13 However, Johnson's petition was stricken by the trial court, and although he was provided
14 an opportunity to amend the petition, he failed to do so.

15 "Because '[the exhaustion] requirement . . . refers only to remedies still available at
16 the time of the federal petition,' it is satisfied 'if it is clear that [the habeas petitioner's]
17 claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152,
18 161 (1996) (internal citation omitted); *see also Harris v. Reed*, 489 U.S. 255, 269 (1989)
19 (O'Connor, J., concurring) ("[W]here a federal habeas petitioner raises a claim which has
20 *never* been presented in any state forum, a federal court may properly determine whether the
21 claim has been procedurally defaulted under state law, such that a remedy in state court is
22 'unavailable' within the meaning of § 2254(c)."). Petitioner no longer has state court
23 remedies available to him. Despite being provided an extension by the trial court to file an
24 amended petition for post-conviction relief, he failed to do so, resulting in the dismissal of
25 the proceedings in April 2010. Thus, Petitioner's claims are technically exhausted.
26 *Kakugawa v. Adams*, 2007 WL 3355082, at *4 (D. Haw. Nov. 13, 2007) ("A petitioner can
27 also *technically* exhaust state remedies by [] showing that . . . , if the claim was never
28 presented to the state courts, that no state remedies remain available.").

- 4 -

**b. Procedural Default**

Although Petitioner's claims are technically exhausted, the Court may not reach the merits of the claims if they have been procedurally defaulted. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). A "procedural default may be *caused* by a failure to exhaust federal claims in state court." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *see also Baldonado v. Elliott*, 2006 WL 1698138, at *4 (D. Ariz. June 15, 2006) ("The procedural default arises because, pursuant to a state court's procedural rules, a return to state court to exhaust the claims would be futile." (citing *Teague*, 489 U.S. at 297–99)). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray*, 518 U.S. at 162 (citing *Teague*, 489 U.S. at 298); *see also Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988) ("If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity."). Here, Petitioner's post-conviction relief proceedings were dismissed months ago for failure to file an amended petition consistent with Arizona rules. Moreover, Petitioner failed to properly raise his claims in state court. *See* ARIZ. R. CRIM. P. 32.2(3) ("A defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.").

Under Arizona law, a petitioner who has failed to timely file a petition for post-conviction relief, may only raise claims pursuant to Rule 32.1(d)-(h) of the Arizona Rules of Criminal Procedure. ARIZ. R. CRIM. P. 32.4(a). Petitioner does not specifically challenge the magistrate judge's conclusion that his claims are procedurally defaulted. A review of the exceptions listed under Rule 32.1 shows that the only exception that could possibly apply in this case is that the defendant's failure to timely file an amended petition for post-conviction relief was without fault on his part. ARIZ. R. CRIM. P. 32.1(f). Petitioner now claims that he did not file an amended petition because neither he nor the attorney assisting him with the

1 petition, Yvette Gray, was able to obtain important documents from his trial attorney. This
2 argument is inconsistent with documents and argument previously presented to the Court. In
3 August, Petitioner in his Reply stated that he "did not file an amended petition [for post-
4 conviction relief] because [he] did not have any new issues other than what [he] already [had]
5 presented." (Doc. 7). Moreover, in the record from his earlier petition to this Court, Petitioner
6 included a letter from Yvette Gray, which stated that Ms. Gray was unable to find any claims
7 to raise in the Rule 32 proceedings, but that if Mr. Johnson wanted to present his claims, Ms.
8 Gray believed that Petitioner had received "the trial transcripts and [that his] trial attorney
9 gave [him] copies of all reports." (CV-09-959, Doc. 1, Ex. 1). Petitioner's lack of specific
10 argument on this point, combined with the above inconsistent statements, leads the Court to
11 conclude that the facts of this case do not fall within any of the Rule 32.1 exceptions. *See
12 State v. Stice*, 23 Ariz.App. 97, 99, 530 P.2d 1130, 1132 (App. 1975) ("Petitioner has the
13 burden of establishing the absence of any fault on his part."). Accordingly, Petitioner's
14 claims are procedurally defaulted.

15 To reach the merits of his claim, Petitioner must establish cause for the default and
16 actual prejudice, or that failure to review the claims would result in a "fundamental
17 miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause is
18 established if a petitioner "can show some objective factor external to the defense impeded
19 counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S.
20 478, 488 (1986) (noting examples of cause, including "a showing that the factual or legal
21 basis for a claim was not reasonably available to counsel, or that 'some interference by
22 officials' made compliance impracticable" (internal citations omitted)).

23 With regard to his failure to file an amended petition for post-conviction relief,
24 Petitioner argues that his state trial attorney failed to provide him with copies of materials
25 that would have collaborated his claims and that he believed he was properly navigating the
26 appeals process. (Doc. 10). As a result, he asserts that he was unable to properly present his
27 arguments. Even if Petitioner could show that his default was due to his trial attorney's
28 failure to provide certain documents, which is questionable for the reasons discussed above,

Petitioner would still be unable to establish cause for the procedural default. The Supreme Court has clearly stated that constitutionally ineffective assistance of counsel may constitute cause. *Murray*, 477 U.S. at 488 (adding that "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default"). However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman*, 501 U.S. at 752 (internal citations omitted). Because Petitioner has failed to establish cause for the procedural default, the Court need not address the second element, actual prejudice.

Petitioner has also failed to establish that a fundamental miscarriage of justice will occur if the Court does not consider his claims. This exception applies "only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime and petitioner supplements his constitutional claim with a colorable showing of factual innocence." *Casey v. Moore*, 386 F.3d 896, 921 n.27 (9th Cir. 2004). Specifically, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has not made such a showing.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Duncan's R&R (Doc. 9) is **ACCEPTED.**

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**

3. The Clerk of the Court shall **TERMINATE** this action.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 25th day of January, 2011.

G. Murray Snow
United States District Judge